**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4986**

———————

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

      v.

KOREY MAURICE MCGIRT,

                 Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:13-cr-00168-CCE-1)

———————

Submitted: August 26, 2014       Decided: September 4, 2014

———————

Before MOTZ, DUNCAN, and WYNN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Bettina Kay Roberts, Durham, North Carolina, for Appellant. Ripley Rand, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Korey Maurice McGirt appeals the thirty-month sentence imposed following his guilty plea to conspiracy to falsely make, counterfeit, and alter obligations, in violation of 18 U.S.C. § 371 (2012). On appeal, McGirt argues that the district court plainly erred in assessing three criminal history points for a conviction under South Carolina's Youthful Offender Act ("YOA") when he was seventeen years old. For the following reasons, we affirm.

"We review any sentence, whether inside, just outside, or significantly outside the Guidelines range, [for reasonableness] under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir. 2012) (citing Gall v. United States, 552 U.S. 38, 41 (2007)). The first step in this review requires us to "ensure that the district court has not committed any significant procedural error." Id. (internal quotation marks omitted). Procedural errors include, among others, "failing to calculate (or improperly calculating) the Guidelines range." Gall, 552 U.S. at 51.

Because McGirt did not object to the points assessed for the YOA conviction, this court's review is limited to plain error. United States v. Hamilton, 701 F.3d 404, 410 (4th Cir.

2

2012), cert. denied, 133 S. Ct. 1838 (2013); see Henderson v. United States, 133 S. Ct. 1121, 1126-27 (2013) (discussing standard of review). A defendant receives three criminal history points for a prior sentence that exceeded one year and one month of imprisonment. U.S. Sentencing Guidelines Manual ("USSG") § 4A1.1(a) (2013). For offenses committed prior to the age of eighteen, like McGirt's YOA conviction, USSG § 4A1.2(d)(1) instructs that, "[i]f the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month," USSG § 4A1.1(a) applies.

After reviewing the record, we conclude that McGirt's 2005 YOA conviction was an adult conviction for which he received an adult sentence. McGirt was convicted in the court of General Sessions, rather than a South Carolina family court. See United States v. Pinion, 4 F.3d 941, 944 (11th Cir. 1993) (noting that defendant was convicted in "the Court of General Sessions—an adult court"). McGirt's sentence was an adult sentence, as the court of General Sessions may sentence youthful offenders to the state's Department of Corrections. S.C. Code Ann. § 24-19-50(3) (1989). Thus, the district court did not plainly err in relying on McGirt's 2005 YOA conviction in assigning three criminal history points.

For these reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED